IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AMERICAN APPAREL & FOOTWEAR ASSOCIATION, INC., HALLOWEEN INDUSTRY ASSOCIATION, INC., JUVENILE PRODUCTS MANUFACTURERS ASSOCIATION, INC.;** and **THE TOY ASSOCIATION, INC.,**<br><br>           Plaintiffs,<br><br>      v.<br><br>**PATRICK ALLEN**, in his official capacity as Director of the Oregon Health Authority; and **ELLEN ROSENBLUM,** in her official capacity as Attorney General for the State of Oregon,<br><br>           Defendants. | Case No. 3:21-cv-1757-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Plaintiffs are four trade associations that represent manufacturers of children's products. Plaintiffs ask the Court to enjoin the Oregon Health Authority (OHA) from enforcing regulations issued under Oregon's Toxic-Free Kids Act (TFK Act), Or. Rev. Stat. (ORS) §§ 431A.250 through 431A.280 (2015). Plaintiffs initially argued that federal law under the Federal Hazardous

PAGE 1 – ORDER

Substances Act (FHSA) and the Consumer Product Safety Act (CPSA) expressly preempts two provisions of the TFK Act and its regulations.

In February 2022, Defendants moved to dismiss Plaintiffs' FHSA-based claims, and in March 2022 Plaintiffs moved for summary judgment on all claims. On June 22, 2022, the Court granted Defendants' motion and dismissed Plaintiffs' FHSA-based claims. The Court denied Plaintiffs' motion for summary judgment on their claims based in federal law and deferred ruling on their claim based in state law. The Court recognized that for their claims based in federal law, Plaintiffs were making only a facial challenge based on express preemption. *See, e.g.*, *Am. Apparel & Footwear Ass'n, Inc. v. Allen*, 2022 WL 2235907, at *15 n.12 (D. Or. June 22, 2022) ("Plaintiffs have repeatedly stated that they are asserting only an argument based on express preemption and making only a facial argument."); *id.* at *8 ("In this lawsuit Plaintiffs make only a *facial* preemption argument; they do not assert an 'as-applied' challenge."). This narrowing reflected Plaintiffs' statements at oral argument and in briefing. *See* Minutes Oral Arg. Hr'g, ECF 28 ("As discussed on the record, Plaintiffs acknowledge that they are only bringing a facial challenge in this lawsuit . . . .").

Defendants then moved on August 9, 2022, for partial summary judgment on the remainder of Plaintiffs' claims. Defendants contend that CPSA's express preemption clause does not preempt all applications of the challenged provision of Oregon's TFK Act and implementing regulations. Defendants also argue that the state law claim is not properly before the court and fails on its merits. Plaintiffs filed their response as well as a cross-motion for partial summary judgment on September 19, 2022. Plaintiffs argue in their cross-motion, in part, that Oregon's regulations are preempted under an implied "conflict" preemption doctrine and are contrary to the uniform system of regulation that Congress intended under the CPSA. Plaintiffs also assert

PAGE 2 – ORDER

an as-applied challenge to Oregon's regulations of sixteen chemical compounds. On September 23, 2022, Defendants filed a motion to strike Plaintiffs' cross-motion for partial summary judgment, which is currently before the Court. Defendants argue that Plaintiff's newly-raised as-applied and implied preemption challenges are improper at this stage of litigation because they function as an untimely attempt to amend the pleading.

A response to summary judgment is not the time to amend pleadings or raise new claims. *See, e.g., La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010) (stating that the plaintiff "may not effectively amend its Complaint by raising a new theory of standing in its response to a motion for summary judgment."); *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (stating that when allegations are not in the complaint, "raising such claim in a summary judgment motion is insufficient to present the claim to the district court"); *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings." (quoting *Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 24 (1st Cir. 1990)).

Plaintiffs respond that there is nothing new about their CPSA claim; rather, the remaining issues under CPSA necessarily invoke an as-applied challenge. Plaintiffs state that because FHSA preemption is no longer viable in this case, there can no longer be a "facial" challenge under just the CPSA to Oregon's regulations. All that remains is to evaluate CPSA preemption of sixteen specific chemical compounds out of more than 70 that Plaintiffs originally challenged facially. Defendants, however, point out that this case would have been litigated in a significantly different way over the past ten months if Plaintiffs had asserted an as-applied challenge earlier. Plaintiffs chose to litigate this matter as a facial challenge and made strategic

PAGE 3 – ORDER

litigation decisions around that choice. For instance, Plaintiffs refused to produce discovery in response to Defendants' requests for production, stating that "[i]n this action, Plaintiff brings a facial challenge . . . Because Plaintiff does not bring an 'as applied' challenge to these Oregon requirements, discovery seeking facts 'as applied' to a particular Plaintiff are irrelevant and need not be produced." Am. Apparel & Footwear Ass'n, Inc.'s Resp. Obj. to Defs.' First Req. Produc. 2, ECF 41-1. As a result, there is no record for an as-applied challenge from which the Court could grant Plaintiffs' cross-motion. The Court is unwilling to let Plaintiffs avoid discovery obligations by changing course at this late stage of litigation.

The proper procedure for Plaintiffs to assert a new claim would have been to seek leave to amend the complaint in accordance with the Rule 15(a) of the Federal Rules of Civil Procedure. Yet Plaintiffs did not request leave to amend the complaint after the June oral argument or subsequent Opinion and Order, in which both the parties and the Court repeatedly pointed to the limited scope of this case. Permitting an as-applied challenge now would cause unreasonable delay and prejudice to Defendants. The Court thereby rejects Plaintiffs' attempt to amend their claims by adding an as-applied challenge in response to Defendants' motion for summary judgment.

Plaintiffs also state that they have previously alleged an implied preemption challenge. The complaint clearly alleges express preemption. *See* Compl. ¶¶ 1, 37, 54, 57, 92, EFC 1. The complaint also alludes to a claim of implied "conflict" preemption. *See id.* ¶¶ 86, 91 (discussing disruptions to the uniformity of a federal regulatory scheme). Based on oral argument and briefing of the parties, the Court had not understood Plaintiffs previously to be making an implied preemption challenge. *See, e.g.*, Op. Order 3, ECF 59 ("Plaintiffs do *not* assert the doctrine of implied preemption, in any of its forms."); *id.* at 27 n.12 ("Plaintiffs have repeatedly

PAGE 4 – ORDER

stated that they are asserting only an argument based on express preemption . . . ."). Plaintiffs, however, now suggest the Court has "apparently overlooked" Plaintiffs' arguments pertaining to implied "conflict" preemption in the March 2022 motion for summary judgment. Pls.' Cross-Mot. Summ. J. 11 n.2, ECF 67. The final two-paragraph section of Plaintiffs' earlier motion for summary judgment does contain a conclusory and brief "conflict" preemption issue.[1] Pls.' Mot. Summ. J. 50-51, ECF 47. The Court thereby grants Plaintiffs leave to proceed with this portion of their cross-motion for summary judgment limited to the narrow issue of whether state law "conflicts" with the intended uniformity of federal law.

The Court GRANTS IN PART AND DENIES IN PART Defendants' motion to strike, ECF 67. The Court strikes Plaintiffs' cross-motion for summary judgment as it pertains to an as-applied challenge. The Court DENIES Defendants' motion to stay the remaining portions of Plaintiffs' cross-motion for summary judgment, but will allow additional briefing on the pending motions from both sides regarding conflict preemption.

**IT IS SO ORDERED.**

DATED this 11th day of October, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] The Court also notes that the cases Plaintiffs cite for this proposition function to "help us interpret the scope of the express preemption provision." *Metrophones Telecomm., Inc. v. Glob. Crossing Telecomm., Inc.*, 423 F.3d 1056, 1072-73 (9th Cir. 2005), *aff'd*, 550 U.S. 45 (2007); *see also Geier v. Am. Honda Motor Co.*, 529 U.S. 861, 871 (2000). The Court has already found that the express preemption provision in CPSA does not preempt the challenged provisions. Op. Order 26-27.